This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                              **NO. 35,440**

**JORGE MORALES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Lisa B. Riley, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

**{1}** Defendant challenges the sufficiency of the evidence to support his conviction of possession of methamphetamine with intent to distribute. [MIO 1] This Court's notice of proposed summary disposition proposed to hold that the evidence offered at trial was sufficient to support the verdict rendered. [CN 3] Defendant has filed a memorandum in opposition to that disposition, which we have duly considered. Unpersuaded, we now affirm.

**{2}** In order to obtain a conviction, the State was required to establish at trial that Defendant possessed methamphetamine, knowing or believing that it was methamphetamine, and intending to transfer possession of that methamphetamine to someone else. [RP 119] At Defendant's trial, testimony was offered that thirty-three small baggies found in Defendant's motel room contained methamphetamine. [DS 5] During a subsequent interview with agents of the Pecos Valley Drug Task Force, Defendant "told them that the methamphetamine was his, explained where he obtained the drugs, how much he paid for the drugs and what he expected to earn from his sale of the drugs." [MIO 2] As suggested in our notice of proposed summary disposition, the above-described evidence would generally be sufficient to lead a reasonable person to believe that Defendant knowingly possessed methamphetamine, intending to transfer that methamphetamine to someone else. [CN 3]

{3} When an appeal is assigned to the summary calendar, "the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683. Defendant's memorandum in opposition maintains that the evidence was insufficient, but it does not point out any factual or legal error in the notice of proposed disposition. Consequently, and for the reasons addressed in the notice of proposed disposition, we affirm the judgment and sentence of the district court.

{4}     **IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**LINDA M. VANZI, Chief Judge**


_____
**STEPHEN G. FRENCH, Judge**